Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| PAULA ABADÍAS MORALES Y OTROS | | Apelación procedente del Tribunal de Primera Instancia, Sala de Caguas |
|---|---|---|
| Demandantes - Apelantes | KLAN202400643 | |
| v. | | Civil núm.: CG2022CV04029 (701) |
| MUNICIPIO AUTÓNOMO DE CAGUAS Y OTROS | | |
| Demandados - Apelados | | Sobre: Daños y Perjuicios |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de agosto de 2024.

Por la vía sumaria, el Tribunal de Primera Instancia ("TPI") declaró sin lugar una demanda en cuanto al Municipio Autónomo de Caguas (el "Municipio") y su aseguradora, Optima Seguros (la "Aseguradora"), relacionada con una caída en una acera (el "Accidente"). Según se explica en detalle a continuación, concluimos que actuó correctamente el TPI, pues del récord surge de forma incontrovertida que el Municipio no es el titular de la acera.

I.

En diciembre de 2022, la Sa. Paula Abadías Morales (la "Demandante") y su esposo, el Sr. Flor Morales López, presentaron la acción de referencia, sobre daños y perjuicios (la "Demanda"), en contra, en lo pertinente, del Municipio y la Aseguradora. Se alegó que, el 26 de noviembre de 2019, la Demandante salía de las facilidades del Centro de Servicios al Conductor (CESCO) del aludido Municipio, cuando su pie izquierdo cayó en un hueco en la superficie de la acera. La Demandante cayó al suelo y sufrió varios

golpes en diferentes partes del cuerpo y una fractura del fémur izquierdo que requirió una cirugía.

Por su parte, en febrero de 2023, el Municipio y la Aseguradora contestaron la Demanda. En síntesis, alegaron que el lugar donde ocurrió la caída no estaba bajo el control del Municipio debido a que el desarrollador de la Zona Industrial Villa Blanca, lugar donde ubican las oficinas del CESCO, no cedió la titularidad al Municipio y, por ende, no respondían por el suceso y los daños reclamados.

Al cabo de algunos trámites procesales, el 28 de marzo de 2024, el Municipio y la Aseguradora interpusieron una *Moción de Sentencia Sumaria Parcial* (la "Moción"). Afirmaron que no existía controversia de hechos que le impidiese al TPI concluir sumariamente que no respondían por los daños reclamados por los demandantes, debido a que la titularidad del lugar donde ocurrió la caída no le fue cedida al Municipio.

El 15 de abril, los demandantes se opusieron a la Moción; arguyeron que había un hecho que, de establecerse, podía dar pie a concluir que la acera era municipal. En particular, aseveraron que, luego del Accidente, el Municipio realizó reparaciones en el lugar del mismo.

El 14 de mayo de 2024, el TPI notificó una *Sentencia* (la "Sentencia"), mediante la cual declaró con lugar la Moción y, así, desestimó con perjuicio la Demanda en cuanto al Municipio y la Aseguradora. El TPI determinó que no había controversia sobre los siguientes hechos:

1. Paula Abadías Morales y Flor Morales López presentaron una *Demanda* por hechos ocurridos el 26 de noviembre de 2019.

2. En la Demanda se alegó que el 26 de noviembre de 2019, la codemandante Paula Abadías Morales sufrió una caída cuando "su pie izquierdo cayó en un hueco que ubica en la misma acera frente a las facilidades de CESCO" en el Municipio".

3. José J. Rivera González funge como Director de Obras Públicas del Municipio.

4. José J. Rivera González suscribió una declaración jurada (en apoyo de la moción dispositiva) en la que hizo constar que la acera localizada frente a las facilidades de CESCO en la Calle E de la Zona Industrial Villa Blanca en el Municipio no está bajo la jurisdicción del aludido ayuntamiento.

5. El Ing. José Joaquín Rivera González declaró durante la deposición que la calle de acera en controversia no fue cedida al Municipio y tampoco aparece como una carretera estatal en los mapas de DTOP.

6. El Ing. José Joaquín Rivera González declaró en la deposición que la acera en controversia es propiedad del desarrollador del área industrial donde ubica la misma.

7. Mónica Ivette Vega Conde se desempeña como Asesora Ejecutiva del Municipio Autónomo de Caguas.

8. Mónica Ivette Vega Conde suscribió una declaración jurada (en apoyo de la moción dispositiva) en la que hizo constar que realizó una búsqueda en los archivos del Municipio para conocer y saber si la acera en controversia fue cedida o no por el propietario o desarrollador de los terrenos donde está ubicada donde está ubicada pero no se encontró escritura de cesión alguna.

9. Mónica Ivette Vega Conde suscribió una declaración jurada (en apoyo de la moción dispositiva) en la que hizo constar que la acera de la Calle E en la Zona Industrial Villa Blanca en Caguas, frente al CESCO, donde se cayó Paula Abadías Morales la (sic), no es propiedad del Municipio.

10. El Ing. Woldetrudis Cruz Torres se desempeña como Director Regional de Humacao del DTOP.

11. El Ing. Woldetrudis Cruz Torres suscribió una declaración jurada (en apoyo de una moción dispositiva presentada por el ELA en representación de DTOP) en la cual hizo constar que el lugar donde se alega que ocurrieron los hechos no está bajo la jurisdicción, el control y mantenimiento [de] (sic) la referida agencia. (Nota al calce en el original omitida).

12. La parte demandante no controvirtió las declaraciones juradas del Ing. José Joaquín Rivera González y Mónica Ivette Vega Conde.

Así pues, el TPI concluyó que la calle y la acera descritas en la Demanda no estaban bajo el control del Municipio. El TPI consideró que, bajo la Regla 407 de las de Evidencia, 32 LPRA Ap.

VI, R.407, las reparaciones posteriores no podían considerarse para demostrar que el Municipio fuese el titular de la acera.

Inconformes, el 28 de mayo, los Demandantes solicitaron la reconsideración de la Sentencia, lo cual fue denegado por el TPI mediante una *Orden* notificada el 7 de junio.

El 8 de julio (lunes), los Demandantes presentaron el recurso que nos ocupa; formulan el siguiente señalamiento de error:

> Erró el TPI al declarar Con Lugar la solicitud de sentencia sumaria de la apelada y no ha lugar la solicitud de sentencia sumaria de los apelantes, por razón de no haber aplicado correctamente la Regla 407 de Evidencia.

El Municipio y la Aseguradora presentaron su alegato en oposición. Resolvemos.

II.

La sentencia sumaria es un mecanismo procesal que se utiliza para lograr la solución justa, rápida y económica de una controversia donde resulta innecesario celebrar un juicio en su fondo. *Meléndez González v. M. Cuebas, Inc.,* 193 DPR 100, 109 (2015). Este mecanismo procede cuando no existe una controversia real sobre hechos materiales. Un hecho es material cuando puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. *Ramos Pérez v. Univisión,* 178 DPR 200, 213 (2010). La Regla 36 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3, llama a estos hechos *esenciales y pertinentes*.

La Regla 36, *supra*, impone un número de requisitos tanto al proponente de la sentencia sumaria como al que se opone a la misma. La moción de sentencia sumaria debe contener: una exposición breve de las alegaciones de las partes, los asuntos litigiosos en controversia, la causa de acción sobre la cual se solicita la sentencia sumaria, una relación concisa y organizada en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia, con indicación de los párrafos o páginas

de la prueba documental donde se establecen los mismos, la argumentación del derecho aplicable y el remedio que se solicita. 32 LPRA Ap. V, R. 36.3(a).

De igual forma, el que se opone a la sentencia sumaria tiene que cumplir con las exigencias de la Regla 36. En particular, debe enumerar aquellos hechos materiales de buena fe controvertidos y aquellos sobre los cuales no hay controversia. En ambos casos, por cada hecho, se tienen que indicar los párrafos o páginas de la prueba documental que establecen o impugnan ese hecho. 32 LPRA Ap. V, R. 36.3(b).

La parte que se opone a que se dicte sentencia sumariamente "no podrá descansar solamente en las aseveraciones o negaciones contenidas en sus alegaciones, sino que estará obligada a contestar en forma tan detallada y específica, como lo haya hecho la parte promovente". 32 LPRA Ap. V, R. 36.3(c). Los hechos enumerados en la moción de sentencia sumaria que no sean debidamente controvertidos podrán considerarse admitidos. 32 LPRA Ap. V, R. 36.3(d). De forma similar, "[e]l tribunal no tendrá la obligación de considerar aquellos hechos que no han sido específicamente enumerados". *Íd.* El tribunal podrá dictar sentencia sumariamente cuando, de las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas y otra evidencia, no surja controversia real sustancial sobre algún hecho material y, además, proceda como cuestión de derecho. 32 LPRA Ap. V, R. 36.3(e).

### III.

La titularidad, jurisdicción y el mantenimiento de las carreteras se origina de diferentes marcos jurídicos. De acuerdo con el Artículo 1-02(a) de la Ley Núm. 54 de 30 de mayo de 1973, según enmendada, conocida como Ley de Administración, Conservación y

Política de las Carreteras Estatales de Puerto Rico, 9 LPRA sec. 2102, es una carretera estatal:

> [...] cualquier vía pública estatal para el tránsito vehicular que **haya sido construida de acuerdo a alguna Ley del Estado Libre Asociado de Puerto Rico o que, habiendo sido construida por una Agencia o Corporación Pública, Estatal o Federal o por un municipio, haya sido transferida legalmente al Departamento de Transportación y Obras Públicas** para su custodia y conservación. [...] (Énfasis suplido).

De otra parte, el Artículo 9.001 de la derogada Ley de Municipios Autónomos[1], según enmendada, 21 LPRA sec. 4451, definía entre los bienes municipales "los destinados a un uso o servicio público, tales como las plazas, **calles, avenidas, paseos** y obras públicas, de servicio general **sufragadas por el municipio** con fondos públicos".

Además de estatal o municipal, una carretera también puede ser privada. *Asoc. Ctrl. Acc. C. Maracaibo v. Cardona*, 144 DPR 1, 29 (1997); *Watchtower Bible Society et al. v. Mun. Dorado I*, 192 DPR 73 (2014). Una calle o carretera constituye un bien público cuando "son costeadas por los mismos pueblos o con fondos del tesoro de Puerto Rico". *Watchtower Bible* 192 DPR a las págs. 95-96. Mientras que una carretera o calle es privada cuando no es costeada de este modo y su titularidad no ha sido transferida a un ente gubernamental. *Watchtower Bible Society et al.*, 193 DPR a la pág. 96.

IV.

Examinada la totalidad del expediente, concluimos que actuó correctamente el TPI al declarar sin lugar la Demanda por la vía sumaria. El récord contiene abundante prueba, incontrovertida, a los efectos de que la acera objeto de la Demanda es privada. No se nos ha presentado una teoría jurídica, debidamente fundamentada, sobre la base de la cual se podría considerar que el Municipio tiene

---

[1] Se hace referencia a la anterior Ley de Municipios Autónomos por estar vigente al momento de los hechos que originan la acción civil de referencia.

la obligación de mantener en condiciones adecuadas una acera privada.

Por otra parte, aun si fuese admisible la prueba sobre las reparaciones hechas por el Municipio a la acera luego del Accidente (sin resolverlo, por ser innecesario aquí), de todas maneras procedía declarar con lugar la Moción. Ello porque el hecho propuesto por los demandantes es compatible con el hecho de que la acera es privada. Adviértase que el Municipio pudo haber reparado la acera, aunque fuese privada, bien por inadvertencia, o bien por haber determinado que ello era conveniente para el interés público. Por tanto, el hecho de que se hayan hecho las reparaciones según lo alegan los demandantes no es suficiente para controvertir la abundante prueba directa en el récord que claramente establece que la acera es privada.

V.

Por los fundamentos expuestos, se confirma la sentencia apelada.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones